IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor through her mother And father and next friends, JULIE DOE And JOHN DOE;<br><br>Plaintiffs,<br><br>v.<br><br>DURAND SCHOOL DISTRICT 322, DOUGLAS DESCHEPPER, BRETT MEIER, and JENNIFER BLAND, AND JEFF PINKER,<br><br>Defendants. | Case No. 2010C50047 |

**REDACTED COMPLAINT AND JURY DEMAND**

PRELIMINARY STATEMENT

1. This is an action brought pursuant to Title IX of the Education Amendments of 1972, 209 U.S.C. §§ 1681 to 1688 to obtain relief for Plaintiff, JANE DOE, a minor for sexual harassment that occurred at DURAND HIGH SCHOOL in Durand, Illinois.

JURISIDICTION

2. Jurisdiction of this Court is invoked pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 to 1688, 42 U.S.C. § 1983.

VENUE

3. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and Plaintiff's claims arise in this judicial district.

PARTIES

4. Plaintiff JANE DOE, a minor, was born in 1992, and resides in Davis, Illinois.

5. At all times relevant to this action, JANE DOE was:

   a. A student attending Durand High School in Durand, Illinois, a public school,

  b. A citizen of the United States, and,

  c. A person entitled to the protection of the Education Amendments of 1972 as amended and the Civil Rights Restoration Act of 1987.

  d. JULIE DOE and JOHN DOE the guardians, next friends best friends, and parents of JANE DOE, reside in Davis, Illinois.

6. Defendant, DURAND SCHOOL DISTRICT 322, controls and manages the public schools in Durand, Illinois, including DURAND HIGH SCHOOL and is in charge of providing education to students including, but not limited to, oversight and supervision of all facets of student education, hiring and supervising educators, and providing and enforcing educational policy.

7. Defendant DOUGLAS DESCHEPPER, was at all time material hereto an individual working as an employee and agent of Defendant, DURAND SCHOOL DISTRICT 322, as Superintendent. This action is brought against DOUGLAS DESCHEPPER, both individually and also in his official capacity.

8. Defendant JEFF PINKER is, and at all times material hereto was, an individual working as an employee and agent of Defendant, DURAND SCHOOL DISTRICT 322, as principal of DURAND HIGH SCHOOL. This action is brought against JEFF PINKER, both individually and also in his official capacity.

9. Defendant, BRETT MEIER, was at all times material hereto an individual working as an employee and agent of Defendant, DURAND SCHOOL DISTRICT 322, as a teacher for DURAND HIGH SCHOOL. This action is brought against BRETT MEIER, both individually and also in his office capacity.

10. Defendant, JENNIFER BLAND, was at all times material hereto an individual working as an employee and agent of Defendant, DURAND SCHOOL DISTRICT 322, as a teacher for DURAND HIGH SCHOOL. This action is brought against JENNIFER BLAND, both individually and also in her official capacity.

11. Defendants DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND were at all times relevant hereto mandated reporters under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, which requires the timely reporting of known, suspected or risk of child abuse or neglect to the Illinois Department of Children and Family Services.

12. Plaintiffs are informed and believe, and on such grounds allege that at all relevant times, each of the Defendants was the authorized agent of each co-defendant and was acting within the course, scope and authority of such agency.

13. Each Defendant, when acting as a principal, authorized, ratified or affirmed each act or omission of each other Defendant acting as an agent.

14. Defendant, DURAND SCHOOL DISTRICT, is duly organized and existing under the laws of Illinois and receives federal financial assistance for its public education program.

15. Defendants' ratification of conduct and failure to respond to Plaintiff's complaints or stop such harassment despite their duty to do so and despite Plaintiff's request and pleas, created an intimidating, hostile, offensive, and abusive school environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

## FACTUAL ALLEGATIONS

16. In 2009, while Plaintiff, JANE DOE, was a student at Durand High School, she was subjected to unwelcome sexual harassment from Defendant, BRETT MEIER, and Defendant, JENNIFER BLAND.

17. The aforementioned harassment included a pattern of overt and sexually suggestive verbal and physical acts and constituted discrimination on the basis of sex.

18. During school, on or about the end of December, 2008, Defendant, BRETT MEIER, gave the Plaintiff, JANE DOE, a minor, his phone number and urged Plaintiff to contact him.

19. In 2009, when JANE DOE was a minor and Defendant, BRETT MEIER, was an adult, the Defendant, BRETT MEIER, committed the following acts: (**REDACTED**)

20. The aforementioned acts of BRETT MEIER were performed with deliberate indifference and constituted willful and wanton disregard for the health and safety of Plaintiff JANE DOE.

21. During school, on or about the end of January, 2009, Defendant, JENNIFER BLAND, gave the Plaintiff, JANE DOE, a minor, her phone number and urged Plaintiff to contact her.

22. On or about the end of January 2009, when JANE DOE was a minor and Defendant, JENNIFER BLAND, was an adult, the Defendant, JENNIFER BLAND, (**REDACTED**).

23. The aforementioned acts of JENNIFER BLAND were performed with deliberate indifference and constituted willful and wanton disregard for the health and safety of Plaintiff, JANE DOE.

24. The sexual harassment to which Plaintiff was subjected was severe, pervasive and objectively offensive.

25. Defendants' behavior with respect to Plaintiff created a hostile educational environment.

26. DURAND SCHOOL DISTRICT 322 officials with authority to rectify the situation had actual notice of the ongoing assaults and harassment committed by BRETT MEIER because:

   a. At least two teachers notified parents who told Jeff Pinker, the principal of the Durand High School, that BRETT MEIER and JANE DOE were having a personal relationship;

   b. At least two teachers notified Jeff Pinker that BRETT MEIER was having a sexual relationship with another teacher; and

   c. Jeff Pinker saw sexual text messages between BRETT MEIER and another teacher.

27. DURAND SCHOOL DISTRICT 322 officials with authority to rectify the situation had actual notice of the ongoing assaults and harassment committed by JENNIFER BLAND because:

   a. At least one teacher told Jeff Pinker that JENNIFER BLAND was displaying inappropriate and flirtatious behavior toward a student on a school trip to Spain;

   b. Upon information and belief, parents and other teachers notified the Durand School District 322's administration that JENNIFER BLAND displayed inappropriate and flirtatious behavior with certain male students; and

   c. At least one teacher notified the Durand School District 322's administration that JENNIFER BLAND had students watch the film "Zack and Miri Make a Porno".

28. The Durand School District 322 has stated that it is the policy of the Durand School District 322 to maintain a learning and working environment that is free from sexual harassment. No board member, staff member, or students of this high school shall be subjected to any form of sexual harassment or intimidation. (Policy 5517) See attached Exhibit A.

29. In violation of their duties and with deliberate indifference to the sexual harassment to which Plaintiff was subjected, the Defendant, DURAND SCHOOL DISTRICT 322, and its

officials, including Defendants DOUGLAS DESCHEPPER and JEFF PINKER, with authority to rectify the situation, committed the following acts:

   a. Failed to investigate with respect to who was undertaking the harassment of JANE DOE and no discipline occurred of any wrongdoer;
   b. Failed to take any appropriate action to protect Plaintiff, JANE DOE and to remedy the situation;
   c. Concealed reports of sexual harassment and/or abuse from students and parents, including but not limited to JANE DOE, JULIE DOE and JOHN DOE.
   d. Failed to investigate reports that BRETT MEIER and JANE DOE were having a personal relationship;
   e. Failed to adequately discipline BRETT MEIER for having a personal relationship with a student;
   f. Failed to investigate reports that BRETT MEIER was having a sexual relationship with another teacher;
   g. Failed to adequately discipline BRETT MEIER for having a sexual relationship with another teacher;
   h. Failed to adequately discipline BRETT MEIER for sexual text messages between BRETT MEIER and another teacher;
   i. Retaliated against students for bringing to its attention the sexual text messages between BRETT MEIER and another teacher;
   j. Failed to investigate reports that JENNIFER BLAND was displaying inappropriate and flirtatious behavior toward a student on a school trip to Spain;
   k. Failed to adequately discipline JENNIFER BLAND for displaying inappropriate and flirtatious behavior toward a student on a school trip to Spain;
   l. Failed to investigate reports that JENIIFER BLAND displayed inappropriate and flirtatious behavior with certain male students;
   m. Failed to adequately discipline JENNIFER BLAND for displaying inappropriate and flirtatious behavior with certain male students;

n. Failed to adequately discipline JENNIFER BLAND for having students watch the film "Zack and Miri Make a Porno";

o. After Jeff Pinker was notified by parents, teachers, and the police, failed to investigate and discipline Emily Doersam, a teacher employed by Durand School District 322, who had a sexual relationship with a student, which sent a message to teachers and students that such behavior was acceptable;

p. Failed to train its employees to refrain from engaging in sexual relationships, harassment, or communications with students;

q. Failed to adequately supervise its employees and deliberately turned a blind eye to reported sexual harassment.

30. The aforementioned deliberate indifference of Defendant DURAND SCHOOL DISTRICT 322 and its officials, including Defendants DOUGLAS DESCHEPPER and JEFF PINKER constituted willful and wanton disregard for the health and safety of Plaintiff JANE DOE.

31. No Defendant took the necessary disciplinary actions against the teachers who were making sexual comments and threats against the Plaintiff, JANE DOE. No Defendant advised JANE DOE regarding the Title IX Student/ Grievance Procedure. No Defendant informed JANE DOE or JOHN and JULIE DOE about the ongoing harassment.

32. As a result of the aforementioned failures, Plaintiff JANE DOE'S right to a non-hostile environment at school was denied.

33. DURAND SCHOOL DISTRICT 322's deliberate indifference prevented the Plaintiff from enjoying the educational benefits and opportunities provided by the District.

34. Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, at all times relevant hereto failed to make timely mandated reports under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, of known, suspected or risk of child abuse or neglect of Plaintiff, JANE DOE, to the Illinois Department of Children and Family Services.

35. Mandated reporting under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 is a duty which is imposed by legal mandate without reference to discretion as to the propriety of the act and any failure to make a mandated report is a breach of that duty.

36. Due to the ongoing harassment, Plaintiff, JANE DOE, has withdrawn, has been in ongoing therapy for anxiety and emotional distress, and feels like she lost the respect of her friends and the community.

37. Plaintiff, JANE DOE, due to the ongoing harassment, threats and assault, was denied the opportunity to take part in the normal activities of a high school student.

38. As a direct and proximate result of these acts, Plaintiff, JANE DOE, sustained injuries to her body and suffered, and will suffer, severe mental and emotional distress, including but not limited to, depression, fear, anxieties, inability to function normally in social situations, both in relationships with adults and relationship with peers. As a result of these problems, Plaintiff, JANE DOE, has undergone medical and psychological treatment and incurred medical expenses, all to her detriment.

39. As a proximate result of these acts of Defendants, Plaintiff, JANE DOE, has sustained and is continuing to sustain damages in the form of medical expense, additional costs to her education, and general damages in an amount that has not been ascertained and that will be proven at trial.

40. As a proximate result of these acts of Defendants, Plaintiffs, JANE DOE, a minor through her mother, and father and next friends, JULIE DOE and JOHN DOE, have incurred medical expenses on behalf of their daughter, additional costs to JANE DOE's education, and pain and suffering to themselves and in observing their daughter and her situation, plus general damages in an amount that has not been ascertained and will be proven at trial.

41. The conduct of the individual Defendants, was an intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff, JANE DOE, and constitutes despicable conduct and by reason thereof, Plaintiff, JANE DOE, demands exemplary or punitive damages against the individual Defendants in an amount appropriate to punish or make an example of them.

COUNT I
Sex discrimination pursuant to Title IX of the Education Amendments of 1972, Ch. 39, 86 Stat. 235, 20 U.S.C. §§ 1681 et.seq. and Pursuant to the Civil Rights Restoration Act of 1987,, 102 Stat. 29 § 1687 (Against all Defendants)

1-41.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. All Defendants intentionally, willfully and without justification acted to deprive Plaintiff, JANE DOE on the grounds of her sex, of her rights, privileges and immunities secured by her by the laws of the United States, particularly her right to be free from discrimination in education on the grounds of her sex as provided by Title IX of Education Amendments of 1972, 20 U.S.C. § 1681.

43. The entity defendants, despite knowledge and adequate opportunity to learn of the misconduct of their agents and employees, adopted, approved, and ratified these acts, omissions, and misconduct of the Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT II
### Violation of 42 U.S.C. § 1983 (Against all Defendants)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. All Defendants had a duty to provide and ensure an educational environment for the minor Plaintiff, JANE DOE free of sexual innuendo, intimidation and discriminatory animus and to enforce the regulations, rules, and laws necessary to protect the minor Plaintiff, JANE DOE, and other female students from the acts of sexual abuse, included but not limited to bias and discrimination.

43. All Defendants intentionally, willfully, and without justification did deprive the minor Plaintiff, JANE DOE, on grounds of her sex of her rights, privileges, and immunities secured her by the Constitution and the laws of the United States, including but not limited to, her rights to equal protection of law as provided by the Fourteenth Amendment of the Constitution and her right to privacy as protected by the Fourth, Fifth, Ninth and Fourteenth Amendments of the constitution in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT III
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, were aware that JANE DOE was a minor and that she was in a vulnerable position with BRETT MEIER and JENNIFER BLAND as her teachers.

43. The conduct of the individual Defendants was severe, outrageous, intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiffs and constitutes despicable conduct, and by reason thereof, Plaintiffs demand exemplary or punitive damages against the individual Defendants in an amount appropriate to punish them and to deter them and others from such conduct in the future.

44. At the time and place aforesaid, Defendant, BRETT MEIER, knew or should have known that the aforementioned actions would cause emotional distress to JANE DOE because she is a minor in a vulnerable position and the actions of Defendant, BRETT MEIER, were graphic, offensive, and obscene.

45. As a proximate result of one or more of these intentional acts or omissions, Plaintiff, JANE DOE, sustained severe and extreme emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT IV
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, were aware that JANE DOE was a minor and that she was in a vulnerable position with BRETT MEIER and JENNIFER BLAND as her teachers.

43. In doing each and all of the acts alleged, all Defendants engaged in a course of conduct that was grossly negligent, severe, extreme and outrageous. Defendants, DURAND SCHOOL DISTRICT 322, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER AND JENNIFER BLAND, engaged in the course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiff, JANE DOE.

44. All Defendants, despite knowledge and adequate opportunity to learn of the misconduct of its agents and employees, adopted, approved, and ratified the acts, omissions, and misconduct of its agents and employees.

45. At the time and place aforesaid, Defendant, BRETT MEIER, knew or should have known that the aforementioned actions would cause emotional distress to JANE DOE because she is a minor in a vulnerable position and the actions of Defendant, BRETT MEIER, were graphic, offensive, and obscene.

46. As a proximate result of one or more of these negligent acts or omissions, Plaintiff, JANE DOE sustained severe and extreme emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT V
## SEXUAL ABUSE OF A MINOR – BATTERY BRETT MEIER

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendant BRETT MEIER acted with intent to make physical contact of insulting and provoking nature with JANE DOE.

43. In 2009, when JANE DOE was a minor and Defendant was an adult, the Defendant, BRETT MEIER made physical contact of an insulting or provoking nature as follows: **(REDACTED)**.

44. BRETT MEIER batteries of JANE DOE were done with deliberate violence and oppression and were willful, wanton, and malicious.

45. BRETT MEIER used his power and authority as JANE DOE's teacher in committing the aforementioned batteries.

46. The aforementioned batteries of JANE DOE were committed on the premises of Durand High School, Durand, Illinois.

47. That as a result of the aforementioned abuse, JANE DOE suffered injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT VI
## Illinois Hate Crime, 720 ILCS 5/12-7.1 BRETT MEIER

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. In 2009, when JANE DOE was a minor and Defendant was an adult, the Defendant, BRETT MEIER, committed the following batteries: **(REDACTED)**.

43. BRETT MEIER batteries of JANE DOE were hate crimes and were motivated in whole or in part by her gender.

44. BRETT MEIER used his power and authority as JANE DOE's teacher in committing the aforementioned hate crimes.

45. The aforementioned hate crimes of JANE DOE were committed on the premises of Durand High School, Durand, Illinois.

46. That as a result of the aforementioned hate crimes, JANE DOE suffered injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT VII
Illinois Hate Crime, 720 ILCS 5/12-7.1
DURAND SCHOOL DISTRICT 332 (Respondeat Superior)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. In 2009, when JANE DOE was a minor and Defendant was an adult, the Defendant, BRETT MEIER, committed the following batteries: (**REDACTED)**

43. BRETT MEIER's batteries of JANE DOE were hate crimes and were performed within the scope of his employment as a teacher for DURAND SCHOOL DISTRICT 332.

44. BRETT MEIER hate crimes of JANE DOE were motivated in whole or in part by her gender.

45. BRETT MEIER used his power and authority as JANE DOE's teacher in committing the aforementioned hate crimes.

46. The aforementioned hate crimes of JANE DOE were committed on the premises of Durand High School, Durand, Illinois.

47. That as a result of the aforementioned abuse, JANE DOE suffered injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## COUNT VIII
Negligence – Mandated Reporting
DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, owed JANE DOE a duty of reasonable care.

43. At all relevant times Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, had a duty to report and were mandated reporters under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4.

44. Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, at all times relevant hereto failed to make timely mandated reports under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, of known, suspected or

risk of child abuse or neglect of Plaintiff, JANE DOE, to the Illinois Department of Children and Family Services.

45. Mandated reporting under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 is a duty which is imposed by legal mandate without reference to discretion as to the propriety of the act and any failure to make a mandated report is a breach of that duty.

46. That as a result of the aforementioned failure to make mandated reports, JANE DOE suffered additional teacher-on-student sexual harassment and/or abuse.

47. It was reasonably foreseeable to DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND that their failure to make a mandated reporting would cause JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

48. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting caused JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

49. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting proximately caused JANE DOE to suffer injury.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

COUNT IX
Negligence – Mandated Reporting
DURAND SCHOOL DISTRICT 332 (Respondeat Superior)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, owed JANE DOE a duty of reasonable care.

43. At all relevant times Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, had a duty to report and were mandated reporters under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4.

44. Defendants DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND at all times relevant hereto failed to make timely mandated reports under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, of known, suspected or risk of child abuse or neglect of Plaintiff JANE DOE to the Illinois Department of Children and Family Services.

45. Mandated reporting under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 is a duty which is imposed by legal mandate without reference to discretion as to the propriety of the act and any failure to make a mandated report is a breach of that duty.

46. That as a result of the aforementioned failure to make mandated reports, JANE DOE suffered additional teacher-on-student sexual harassment and/or abuse.

47. It was reasonably foreseeable to DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND that their failure to make a mandated reporting would cause JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

48. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting caused JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

49. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting proximately caused JANE DOE to suffer injury.

50. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting was done within the scopes of their employments and in the service of DURAND SCHOOL DISTRICT 332.

51. DURAND SCHOOL DISTRICT 332 is liable for violations of the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 for failure to make a mandated reporting under the doctrine of respondeat superior.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

COUNT X
Willful and Wanton – Mandated Reporting
DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND

1.-41.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, owed JANE DOE a duty of reasonable care.

43. At all relevant times Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, had a duty to report and were mandated reporters under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4.

44. Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, at all times relevant hereto willfully and wantonly, and with conscious disregard for JANE DOE's safety, failed to make timely mandated reports under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, of known, suspected or risk of child abuse or neglect of Plaintiff, JANE DOE, to the Illinois Department of Children and Family Services.

45. Mandated reporting under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 is a duty which is imposed by legal mandate without reference to discretion as to the propriety of the act and any failure to make a mandated report is a breach of that duty.

46. That as a result of the aforementioned willful and wanton failure to make mandated reports, JANE DOE suffered additional teacher-on-student sexual harassment and/or abuse.

47. It was reasonably foreseeable to DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND that their willful and wanton failure to make a mandated reporting would cause JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

48. The willful and wanton failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting caused JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

49. The willful and wanton failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting proximately caused JANE DOE to suffer injury.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

COUNT XI
Willful and Wanton – Mandated Reporting
DURAND SCHOOL DISTRICT 332 (Respondeat Superior)

1.-41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 41.

42. At all relevant times, Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, owed JANE DOE a duty of reasonable care.

43. At all relevant times Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, had a duty to report and were mandated reporters under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4.

44. Defendants, DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND, at all times relevant hereto willfully and wantonly, and with conscious disregard for JANE DOE's safety, failed to make timely mandated reports under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, of known, suspected or risk of child abuse or neglect of Plaintiff, JANE DOE, to the Illinois Department of Children and Family Services.

45. Mandated reporting under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 is a duty which is imposed by legal mandate without reference to discretion as to the propriety of the act and any failure to make a mandated report is a breach of that duty.

46. That as a result of the aforementioned willful and wanton failure to make mandated reports, JANE DOE suffered additional teacher-on-student sexual harassment and/or abuse.

47. It was reasonably foreseeable to DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND that their willful and wanton failure to make a mandated reporting would cause JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

48. The willful and wanton failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting caused JANE DOE to suffer additional teacher-on-student sexual harassment and/or abuse.

49. The willful and wanton failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting proximately caused JANE DOE to suffer injury.

50. The failure of DOUGLAS DESCHEPPER, JEFF PINKER, BRETT MEIER, and JENNIFER BLAND to make a mandated reporting was done within the scopes of their employments and in the service of DURAND SCHOOL DISTRICT 332.

51. DURAND SCHOOL DISTRICT 332 is liable for violations of the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4 for failure to make a mandated reporting under the doctrine of respondeat superior.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

WHEREFORE, Plaintiffs pray for judgment against all Defendants and each of them as follows:

CLAIM FOR RELEIF ON ALL COUNTS

1. For special damages for medical services and treatment and future educational expenses and tuition in an amount to be proven at trial;

2. For compensatory, general and punitive damages in an amount to be proven at trial;

3. For costs of suit, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

4. For general damages in the sum according to proof; and

5. For such other and further relief as the Court may deem proper in the premises, including but not limited to injunctive relief and Court to prevent further and other conduct as alleged.

JURY DEMAND

Plaintiffs hereby demand a trial by jury of twelve persons.

Dated: February 25, 2010

Respectfully Submitted,

JANE DOE, a minor through her mother
and father and next friends, JULIE DOE
And JOHN DOE, Plaintiffs

Hyzer, Hyzer & Jacobs

By:_____
Kaycee I. Chadwick, One of their attorneys

Prepared By:
Attorney Kaycee I. Chadwick, #6285900
Attorney for Plaintiffs
Hyzer, Hyzer & Jacobs
855 North Madison Street
Rockford, IL 61107
Telephone: 815-965-3600
Facsimile: 815-965-3636
kchadwick@hyzerlaw.com