Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50047 | **DATE** | 10/18/2010 |
| **CASE TITLE** | Doe vs. Durand School District 322, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [36] is granted in part and denied in part. All official capacity claims alleged against DeSchepper and Pinker are dismissed with prejudice. The Title IX claims alleged in Count I against DeSchepper and Pinker in their individual capacities are dismissed with prejudice. The Title IX claims alleged in Count I against the School District are dismissed without prejudice. The § 1983 claims alleged in Count II against the School District, which are based on an alleged practice constituting a custom or policy, are dismissed without prejudice. The § 1983 claims alleged in Count II against the School District, which are based on the final policymaking authority of DeSchepper and Pinker, are dismissed with prejudice. The individual § 1983 claims alleged in Count II against DeSchepper and Pinker are dismissed without prejudice. The claims alleged against the district defendants in Counts III and IV are dismissed without prejudice. Counts VIII and IX are dismissed without prejudice. Counts X and XI are dismissed with prejudice. Plaintiff is granted leave to file an amended complaint consistent with this order within 30 days.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Jane Doe, a minor, through her parents Julie and John Doe, have sued Durand School District 322 ("the School District"), its Superintendent Douglas DeSchepper, Durand High School Principal Jeff Pinker, and two former Durand High School teachers, Brett Meier and Jennifer Bland. The suit is based on allegations that Meier and Bland sexually abused and harassed plaintiff while she was a student at Durand High School. Before the court is a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss filed by the School District and its employees, DeSchepper and Pinker (collectively "the district defendants"). For the reasons stated below, the motion is granted in part and denied in part.

### I. ALLEGATIONS

With leave of court, the specific factual allegations regarding Meier's and Bland's misconduct were alleged in an unredacted complaint. At this point, a redacted complaint has been filed and only the court and counsel have access to the unredacted complaint. The allegations include two instances of Meier's physical misconduct, one in February 2009, and another in September 2009. The unredacted complaint also includes allegations that Meier sexually harassed plaintiff verbally and through text messages. With regard to Bland, plaintiff alleges that in January 2009, Bland sent her two text messages which contained sexual content. Plaintiff alleges further that School District officials had actual notice of the misconduct and failed to act.

# STATEMENT

In Count I, plaintiff alleges sex discrimination against all defendants in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. In Count II, plaintiff alleges that all defendants violated her constitutional rights in violation of 42 U.S.C. § 1983. In Counts III and IV, plaintiff alleges the state law torts of intentional and negligent infliction of emotional distress, respectively, against all defendants. In Count V, plaintiff alleges state law battery against Meier. In Count VI and VII, plaintiff alleges Illinois Hate Crimes, 720 ILCS 5/12-7.1, against Meier and the School District, respectively. In Counts VIII and IX, plaintiff alleges negligence against DeSchepper, Pinker, Meier, and Bland; and the School District, respectively, based on their failure to report child abuse under the Illinois Abused and Neglected Child Reporting Act (IANCRA), 325 ILCS 5/4. In Counts X and XI, plaintiff alleges willful and wanton conduct by DeSchepper, Pinker, Meier, and Bland; and the School District, respectively, based on their failure to report child abuse under the IANCRA.

## II. ANALYSIS

### A. Legal Standard

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the "notice pleading" of Rule 8 does not require "detailed factual allegations" supporting each element of a claim, it is not enough for a pleader to make "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). The pleader must provide specific allegations that, if true, make plaintiff's claim for relief more than speculative, Twombly, 550 U.S. at 555, which means "[p]laintiffs cannot raise a claim based on pure speculation, hoping later to find some basis for the claim in discovery." Johnson v. Vill. of Bellwood, No. 09 C 5511, 2010 WL 2653335, at *2 (N.D. Ill. July 1, 2010). In deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court should construe all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor. Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

### B. Official Capacity Claims Against DeSchepper and Pinker

The district defendants argue that plaintiff's claims against DeSchepper and Pinker in their official capacities are redundant because suits against the Principal and Superintendent in their official capacities are actually suits against the School District. The court agrees. See Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008) ("Actions against individual defendants in their official capacities are treated as suits brought against the government entity itself."); Smith v. Metro. Sch. Dist. Perry Twp., 128 F.3d 1014, 1021 n.3 (7th Cir. 1997) (noting that claims against school officials in their official capacities are actually claims against the school district and are therefore redundant). Accordingly, all official capacity claims against DeSchepper and Pinker are dismissed with prejudice.

### C. Individual Title IX Claims Against DeSchepper and Pinker

Next, the district defendants argue that the Title IX claims against DeSchepper and Pinker in their individual capacities in Count I should be dismissed because Title IX does not provide for individual liability. This point is also well-taken. See Smith, 128 F. 3d at 1019 ("Because Title IX only protects against discrimination under any education program or activity receiving federal financial assistance, we agree . . . that a Title IX claim can only be brought against a grant recipient and not an individual."). Accordingly, the Title IX claims against DeSchepper and Pinker in their individual capacities are dismissed with prejudice.

### D. Title IX Claims Against the School District

Title IX provides that, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "[F]unding recipients are properly held liable in damages only where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 650 (1999).

"[U]nder Title IX, a school district is liable for teacher-student sexual harassment only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the employee and the power to take action that would end such abuse and failed to do so." Smith, 128 F. 3d at 1034 (quotation marks omitted). "As such, a school district is subject to a private damages action only where it is deliberately indifferent to known acts of discrimination or harassment." Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp., 551 F.3d 599, 605 (7th Cir. 2008). "[A] plaintiff in a Title IX damages suit based on a teacher's behavior must prove both actual knowledge of misconduct, not just actual knowledge of the risk of misconduct, and that the officials having that knowledge decided not to act on it." Id. (alteration and quotation marks omitted). However, "a school district need not possess actual knowledge of a teacher's acts directed at a particular plaintiff, but it must still have actual knowledge of misconduct that would create risks so great that they are almost certain to materialize if nothing is done." Id. at 605-06 (emphasis and quotation marks omitted). Therefore, "if a teacher had been known to be a 'serial harasser,' a school district might be found to have actual knowledge of that teacher's misconduct and that students may be at great risk." Id. at 606.

The district defendants argue that the complaint contains insufficient allegations that they had actual knowledge that Meier and Bland were sexually harassing or abusing plaintiff. With regard to actual knowledge, plaintiff alleges:

> 26. DURAND SCHOOL DISTRICT district officials with authority to rectify the situation had actual notice of the ongoing assaults and harassment committed by BRETT MEIER because:
>
> a. At least two teachers notified parents who told Jeff Pinker, the principal of the Durand High School, that BRETT MEIER and Plaintiff were having a personal relationship;
>
> b. At least two teachers notified Jeff Pinker that BRETT MEIER was having a sexual relationship with another teacher; and
>
> c. Jeff Pinker saw sexual text messages between BRETT MEIER and another teacher.
>
> 27. DURAND SCHOOL DISTRICT district officials with authority to rectify the situation had actual notice of the ongoing assaults and harassment committed by JENNIFER BLAND because:
>
> a. At least one teacher told Jeff Pinker that JENNIFER BLAND was displaying inappropriate and flirtatious behavior toward a student on a school trip to Spain;
>
> b. Upon information and belief, parents and other teachers notified the Durand School District district's administration that JENNIFER BLAND displayed inappropriate and flirtatious behavior with certain male students; and
>
> c. At least one teacher notified the Durand School District district's administration that JENNIFER BLAND had students watch the film Zack and Miri Make a Porno.

The allegation that a "personal relationship" between Meier and plaintiff was reported to Pinker is far too

vague to be a plausible allegation that Pinker had actual knowledge that Meier was sexually harassing or abusing plaintiff. In fact, there is no allegation that the personal relationship was improper or inappropriate, much less sexual. In addition, there is no allegation that Pinker was notified of the "personal relationship" at a time when he could have acted to end the abuse and harassment. Further, the facts alleged in paragraph 26 b. and c. add nothing to the plausibility of the allegations that Pinker had actual knowledge of Meier's sexual harassment and abuse of plaintiff. The allegation that Pinker was told that Meier was having a sexual relationship with another teacher and was sending a teacher sexual text messages, without more, is not an allegation of sexual harassment and, therefore, would not have alerted Pinker to Meier's sexual harassment and abuse of plaintiff. See Mary M. v. N. Lawrence Cmty. Sch. Corp., 131 F.3d 1220, 1228 (7th Cir. 1997) (noting that sexual harassment requires, inter alia, a showing of unwelcome verbal or physical conduct of a sexual nature and that the harassment was sufficiently severe or pervasive).

Plaintiff argues that "[w]ith the knowledge that Meier sexually harassed another teacher and notification that he was having a relationship with Plaintiff, Meier would be considered a serial harasser, such that the District would have actual knowledge of Meier's misconduct and that student might be at great risk." However, there is no allegation in paragraph 26 that Meier harassed anyone even once, let alone that he was a serial harasser. Consequently, plaintiff has not pleaded facts that plausibly suggest that the district defendants had sufficient information from which to conclude that Meier was a serial harasser such that the risk of harassment or abuse of students was so great that it was almost certain to materialize. See Hansen, 551 F.3d at 605-06.

The allegations regarding the district defendants' actual knowledge of Bland's misconduct fair no better. Once again, there is the temporal problem of failing to allege that the actual knowledge was gained at a time when defendants could have acted to end the harassment. The allegation that administrators had "knowledge that Bland displayed inappropriate and flirtatious behavior toward [another] student" is too vague to raise a plausible inference that the district defendants had knowledge that Bland had sexually harassed or abused a student. See Henderson v. Walled Lake Consol. Sch., 469 F.3d 479, 490-91 (6th Cir. 2006) ("[E]ven if the game-time flirting between [a high school girls soccer coach and his player] ought to have triggered further inquiry by [the Assistant Principal], it can hardly support a reasonable finding that [the Assistant Principal] and other school officials should therefore have known that another team member, [plaintiff], was the victim of a hostile environment."). Nor does the allegation that the administration had knowledge that Bland showed students an R-rated main stream movie raise a plausible inference that the district defendants had actual knowledge that Bland sexually harassed or abused a student. See Mary M., 131 F.3d at 1228 (noting that sexual harassment must be sufficiently severe or pervasive).

At best, the allegations in paragraphs 26 and 27 are allegations that the district defendants had actual knowledge of the risk of misconduct, which is not sufficient. See Hansen, 551 F.3d at 605. Consequently, the Title IX claims alleged against the School District in Count I are dismissed without prejudice to repleading with facts sufficient to support a plausible inference that a School District official had actual knowledge of Meier's and Bland's sexual abuse and/or harassment of plaintiff at a time when they had the power to take action with regard to such abuse or harassment and failed to do so.

### E. § 1983 Claims

In Count II, plaintiff asserts a § 1983 claim against the School District as well as individual § 1983 claims against DeSchepper, Pinker, Meier, and Bland. The district defendants argue that the § 1983 claims alleged against the School District should be dismissed because there is no allegation that sexual harassment or abuse of students is an official policy or custom of the school district and no allegation that plaintiff's constitutional injury was caused by a person with final policymaking authority. The district defendants also argue that there are insufficient allegations that DeSchepper and Pinker were aware of any misconduct by Meier and Bland, and therefore plaintiff has not stated individual § 1983 claims against DeSchepper and Pinker.

## STATEMENT

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), municipalities are not vicariously liable for the constitutional torts of their employees. Houskins v. Sheahan, 549 F.3d 480, 493 (7th Cir. 2008). Where the execution of a government's policy or custom inflicts a constitutional injury, however, a municipality may be liable for that injury. Id. Consequently, to impose § 1983 liability upon a unit of local government like the School District, a plaintiff must demonstrate that: (1) an express policy caused the injury when it was enforced; (2) a widespread practice constituting a custom or policy caused the injury; or (3) a person with final policymaking authority caused the injury. Id. Plaintiff argues that she has adequately pleaded the second and third methods and therefore has stated a § 1983 claim against the School District.

In her response to the motion to dismiss, plaintiff asserts that "Bland's sexual misconduct with several students and teachers, Meier's sexual misconduct with several students and teachers, other teacher's sexual misconduct with teachers, and other teacher's sexual misconduct with another student, [are] sufficient to raise an adequate inference that sexual misconduct by Durand School District's teachers was a practice and custom which rose to the level of policy in the district." One problem with this assertion is that it is not in the complaint. While there are specific allegations of Meier's and Bland's sexual misconduct with respect to plaintiff, and allegations of another teacher's misconduct with another student, the court cannot locate allegations of a teacher's sexual misconduct with other teachers or an allegation that sexual misconduct by the School District's teachers was a practice and custom which rose to the level of policy. In fact, the words "practice and custom" do not appear anywhere in the complaint. The court will, however, construe plaintiff's response as a request to replead a practice and custom claim and give plaintiff leave to file such a claim provided plaintiff's counsel believes that she can do so in compliance with her obligations under the Federal Rules of Civil Procedure.

As for the third method, plaintiff's attempt to characterize DeSchepper and Pinker as persons with final policymaking authority is foreclosed by the Seventh Circuit's holding in Duda v. Board of Education of Franklin Park Public School District No. 84, 133 F.3d 1054, 1061 (7th Cir. 1998) (holding that under Illinois law school superintendents and principals are not final policy making authorities with regard to personnel decisions and affirming dismissal of official capacity claims based on that theory). Plaintiff also claims that she has alleged that final policymaking authority was delegated to DeSchepper and Pinker based on the School District's sexual harassment and discrimination policies. "Under the delegation theory, the person or entity with final policymaking authority must delegate the power to make policy, not simply the power to make decisions." Darchak v. City of Chi. Bd. of Educ., 580 F.3d 622, 630 (7th Cir. 2009). The policy documents attached to the complaint state that "[a]ny student that believes s/he has been or is the victim of harassment should immediately report the situation to the teacher, the principal or assistant principal, or may report it directly to the Superintendent (District Compliance Officer). Complaints will be investigated in accordance with AG 5517." The foregoing language does not show a delegation of the power to make policy. Consequently, the official capacity claims based on the final policymaking authority of DeSchepper and Pinker in Count II are dismissed with prejudice.

With regard to individual § 1983 liability, the parties agree that DeSchepper and Pinker, as supervisors of Bland and Meier, would be individually liable if they knew about the unconstitutional conduct and facilitated it, approved it, condoned it, or turned a blind eye on the conduct. See T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010). The parties disagree on whether plaintiff has sufficiently pleaded that DeSchepper and Pinker had knowledge of or acted with deliberate, reckless indifference to Bland's and Meier's misconduct.

Once again, plaintiff points to the allegations in paragraphs 26 and 27. However, there is no allegation that DeSchepper had knowledge of any facts concerning the conduct of Bland and Meier. It is only alleged that Pinker became aware of certain facts. Consequently, plaintiff has failed to allege that DeSchepper turned a blind eye to any facts and, therefore, has not stated an individual § 1983 claim against DeSchepper. For the reasons stated in section D above, the allegations are insufficient to plausibly suggest that Pinker actually knew about the

Bland's and Meier's sexual misconduct with regard to plaintiff. However, the facts alleged plausibly suggest that Pinker acted with deliberate, reckless indifference as to the knowledge that he had allegedly gained about Meier's and Bland's conduct. Specifically, Pinker allegedly knew that Meier and plaintiff were having a "personal relationship," yet he purportedly did nothing to discover the nature of the relationship and put an end to any impropriety. Likewise, Pinker allegedly knew that Bland displayed inappropriate and flirtatious behavior toward students and yet he allegedly did nothing to investigate. These facts plausibly suggest that Pinker acted with deliberate, reckless indifference to Bland's and Meier's misconduct. However, although plaintiff asserts in her response to the motion to dismiss that Pinker had knowledge "prior to the abuse of plaintiff being finished," there is no such allegation in the complaint. Accordingly, plaintiff has not stated an individual § 1983 claim against Pinker. As with the Title IX claim, however, plaintiff will be permitted to replead individual § 1983 claims if plaintiff's counsel can do so in compliance with her duties under the Federal Rules of Civil Procedure.

### F. Intentional Infliction of Emotional Distress

The district defendants argue that the intentional infliction of emotional distress claims alleged against them in Count III must be dismissed because plaintiff has not pleaded any extreme and outrageous conduct by DeSchepper or Pinker. "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case." Doe v. Calumet City, 161 Ill. 2d 374, 392 (1994), overruled in part on other grounds by In re Chi. Flood Litig., 176 Ill. 2d 179 (1997). "Under Illinois law, liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." Cook v. Winfrey, 141 F.3d 322, 331 (7th Cir. 1998) (alterations and quotation marks omitted).

Plaintiff cites various cases in support of her position that they have adequately pleaded extreme and outrageous conduct by DeSchepper and Pinker. However, the cited cases all involved school administrators who disregarded reports of actual sexual abuse or harassment and failed to act. See Doe ex rel. Doe v. White, 627 F. Supp. 2d 905, 921 (C.D. Ill. 2009) (finding extreme and outrageous conduct sufficiently pleaded where plaintiff's parents alleged that they told the principal and assistant principal that their children's first grade teacher was sexually abusing, harassing, and grooming their children and yet defendants did nothing and the teacher continued to abuse the children); Peck v. W. Aurora Sch. Dist. 129, No. 06 C 1153, 2006 WL 2579678, *1-2, 7-8 (N.D. Ill. Aug. 30, 2006) (finding extreme and outrageous conduct sufficiently pleaded where a school counselor, dean, and principal repeatedly disregarded one plaintiff student's complaints that her teacher was touching her buttocks and rubbing his genitals against her buttocks and back, and another plaintiff student's complaint that the teacher was rubbing her back and shoulders, groping her breasts, and making sexual and racial comments toward her, and where the school officials failed to take any action against the teacher or prevent further harassment and molestation).

In contrast to the facts alleged in the foregoing cases, in this case, there is no allegation that anyone reported any misconduct by Bland and Meier to Deschepper, let alone a report that Bland or Meier were sexually abusing or harassing plaintiff. It is alleged that Pinker received complaints that Meier was possibly having a "personal relationship" with plaintiff and that Bland was possibly engaging in inappropriate and flirtations behavior with other students. These allegations are far from assertions of school officials "[f]ailing to stop or report a teacher who is sexually harassing his students [which] is patently unacceptable to society." Peck, 2006 WL 2579678, at *8. A failure to investigate the vague information allegedly reported to Pinker and failing to act, as opposed to having information that a student is actually being abused or harassed and failing to act, does not rise to the level of extreme and outrageous conduct necessary to state an IIED claim against Pinker. In addition, there is no allegation that the abuse or harassment continued after any report of misconduct. Because plaintiff has not stated an IIED claim against DeSchepper or Pinker, they have not stated such a claim against the School District either. Therefore, the claims against the district defendants in Count III are dismissed without

prejudice to repleading if plaintiff's counsel can do so in compliance with her duties under the Federal Rules of Civil Procedure.

### G. Negligent Infliction of Emotional Distress

"[A] party advancing a negligent infliction of emotional distress claim must demonstrate a defendant's duty, as well as a breach that proximately caused the claimant an injury." Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 703 (7th Cir. 2009). The district defendants argue that plaintiff has failed to allege a duty on their part because they have no general duty to protect students and plaintiff has not alleged facts that gave rise to a unique threat against plaintiff. It is true that "[a] school district does not have a duty to protect its student body at large against the general risk of criminal attack." Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs., 593 F.3d 507, 514 (7th Cir. 2010). However, "a school district with unique knowledge that one of its teachers or students poses a particular threat to another student may acquire a duty to protect." Id. at 515. Consequently, the issue is whether plaintiff has pleaded facts making it plausible that the district defendants had unique knowledge that or Meier or Bland posed a particular threat to plaintiff triggering the district defendants' duty to protect plaintiff.

As noted above, allegations of the knowledge that the district defendants had concerning Meier's and Bland's conduct are within paragraphs 26 and 27 of the complaint and for purposes of this motion are taken as true. With regard to Meier, Pinker was notified that Meier and plaintiff were having a personal relationship, Meier was having a sexual relationship with another teacher, and there were sexual text messages between Meier and another teacher. As noted above, there is no allegation that Pinker was told that the "personal relationship" was improper or inappropriate, much less sexual. This allegation is too vague to make it plausible that Pinker knew Meier posed a threat to plaintiff. The other matters that Pinker was made aware of are not allegations of sexual abuse or harassment, let alone sexual abuse or harassment of a student and, therefore, add little to the plausibility that Pinker knew Meier posed a threat to plaintiff. With regard to Bland, Pinker was notified that Bland was displaying inappropriate and flirtatious behavior toward students other than plaintiff, and that she had students watch an R-rated film. There are no allegations, however, that Pinker was made aware that Bland was sexually harassing or abusing any student. Nor are there any allegations that Pinker was aware of any conduct by Bland whatsoever directed at plaintiff. Therefore, both the threat and particularity components of a duty to protect are missing from these allegations.

Plaintiff cites Doe v. Dimovski, 336 Ill. App. 3d 292 (2003), in support of her position that she has adequately alleged a duty on the part of the district defendants. The allegations in Doe, however, included specific allegations that school administrators were made aware that a teacher was actually sexually harassing a student other than the plaintiff. Specifically, the student and her mother provided information to agents of the School Board that the teacher expressed his desire to see the student naked, requested that the student perform a strip tease for him, and followed the student to her place of work and her residence, where the sexual harassment, advances, innuendo, and suggestion continued. Id. There are no such allegations in this case.

The district defendants also argue that the negligent infliction of emotional distress claims alleged against them in Count IV must be dismissed because plaintiff has failed to allege a physical injury or impact contemporaneous with the district defendants' alleged negligence. It is clear that the impact rule remains intact for direct victims of negligent infliction of emotional distress. See Barnes v. Anyanwu, No. 09-2983, 2010 WL 3011014, at *2 (7th Cir. July 28, 2010) ("The decision in Rickey did not discard the impact rule for direct victims of negligent infliction of emotional distress."). Accordingly, direct victims –the persons that the negligent conduct has directly affected– "must suffer some contemporaneous physical contact that caused the emotional distress." Id. at 2. In response to the district defendants' argument, plaintiff cites paragraphs 19 a and b of her unredacted complaint. These allegations satisfy the impact rule with regard to the claims for negligent infliction of emotional distress against Meier, but not with regard to Bland or the district defendants. There is no allegation of actual physical contact between plaintiff and Bland or between plaintiff and any district

| STATEMENT |
|---|

defendant. The court notes that plaintiff has alleged in paragraph 12 of their complaint that each defendant at all relevant times was acting within the scope of his or her employment. However, this threadbare statement is insufficient to plausibly allege that Meier was acting within the scope of his employment when he engaged in the alleged misconduct. See Deloney v. Bd. of Educ. of Thornton Twp., 281 Ill. App. 3d 775, 783-84 (1996) (observing that generally acts of sexual assault and abuse are outside the scope of employment). Therefore, plaintiff has not adequately stated a cause of action against the district defendants under a theory of respondeat superior either.

For these reasons, the court concludes that plaintiff has failed to state a claim for negligent infliction of emotional distress against the district defendants. Consequently, the claims against the district defendants in Count IV are dismissed without prejudice to repleading if plaintiff's counsel can do so in compliance with her duties under the Federal Rules of Civil Procedure.

### H. Illinois Hate Crime Statute

In Count VII, plaintiff alleges an Illinois Hate Crime based on allegations that Meier battered her on the premises of Durand High School while acting within the scope of his employment as a teacher for the School District, and used his power and authority as plaintiff's teacher in committing the batteries. The district defendants argue that Count VII must be dismissed as to them because respondeat superior liability does not apply to hate crimes under Illinois law.

In pertinent part, the Illinois Hate Crime statute provides that "[a] person commits hate crime when, by reason of the actual or perceived . . . gender . . . of another individual . . . , regardless of the existence of any other motivating factor or factors, he commits . . . battery." 720 ILCS 5/12-7.1(a). Under Illinois law, "[a]n employee's action falls within the scope of employment if (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." Taboas v. Mlynczak, 149 F.3d 576, 582 (7th Cir. 1998) (quotation marks omitted). In this case, there is no allegation in the complaint that Meier, in sexually battering plaintiff, was acting, at least in part, with the purpose of serving the School District. Moreover, while it is possible to commit a hate crime while acting within the scope of one's employment, see Holder v. Ivanjack, 39 F. Supp. 2d 965, 971 (N.D. Ill. 1999), when the battery or assault is of a sexual nature Illinois courts have consistently held that the conduct was unrelated to any employer's business, see Delony, 281 Ill. App. 3d at 783; Randi F. v. High Ridge YMCA, 170 Ill. App. 3d 962, 968 (1988). Based on the allegations in the unredacted complaint, the sexual batteries that Meier is alleged to have committed on plaintiff were based on his physical attraction to her and could serve no conceivable purpose of the School District. "[I]f the employee's actions are different from the type of acts he is authorized to perform or were performed purely in his own interest, he has departed from the scope of employment." Wright v. City of Danville, 174 Ill. 2d 391, 405 (1996). Therefore, Count VII is dismissed with prejudice.

### I. Private Right of Action Under the IANCRA

Counts VIII and IX are stlyled "Negligence – Mandated Reporting" and are alleged against DeSchepper, Pinker, Meier, and Bland; and the School District, respectively. Counts X and XI are styled "Willful and Wanton – Mandated Reporting" and are alleged against the same defendants, respectively. These counts allege that defendants were either negligent or willful and wanton in breaching their duty to report known, suspected, or the risk of child abuse or neglect of plaintiff. First, the district defendants argue that there is no separate cause of action for willful and wanton conduct and, therefore, Counts X and XI should be dismissed. This point is well-taken. See Ziarko v. Soo Line R.R., 161 Ill. 2d 267, 274 (1994) ("There is no separate and independent tort of 'willful and wanton' misconduct."). Therefore, Counts X and XI are dismissed with prejudice.

Citing Cuyler v. United States, 362 F.3d 949, 954-55 (7th Cir. 2004), the district defendants also argue

that Counts VIII and IX should be dismissed because there is no private right of action under the IANCRA. Plaintiff does not take issue with the district defendants' argument. Instead, she asserts that these counts are also based on common law duties. However, the only reference in Counts VIII and IX to a duty other than one provided by the IANCRA is a single reference to "a duty of reasonable care." A threadbare recital of an element of a cause of action without facts making the cause of action plausible is not sufficient. See Iqbal, 129 S. Ct. at 1949-50. Therefore, Counts VIII and IX are dismissed without prejudice to refiling based on a common law duty if plaintiff's counsel can do so in compliance with her duties under the Federal Rules of Civil Procedure.

### J. Tort Immunity

The district defendants argue that plaintiff's state law claims based on a failure to supervise are barred by §§ 3-108(a) and 2-204 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act. See 745 ILCS 10/3-108(a), 2-204. The district defendants also argue that DeSchepper's and Pinker's alleged failures to investigate, discipline, and report the alleged sexual abuse reflect an exercise of discretion for which they are immune under § 2-201 of the Act.

Plaintiff has been granted leave to file amended state-law intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence claims if plaintiff's counsel can do so in compliance with her duties under the Federal Rules of Civil Procedure. Among those duties is pleading enough facts to make the claims plausible, including sufficient willful and wanton allegations, see Murray v. Chi. Youth Ctr., 224 Ill. 2d 213, 230 (2007) ("Section 3-108(a) . . . now contains an exception for willful and wanton conduct"), and allegations that DeSchepper and Pinker were not determining policy or exercising discretion, see Harrison v. Hardin Cnty. Cmty. Unit Sch. Dist. No. 1, 197 Ill. 2d 466, 472 (2001) (holding that § 2-201 immunity "requires the act or omission to be both a determination of policy and an exercise of discretion"). Accordingly, it would be premature to rule on this argument prior to receipt of an amended complaint.

### K. Punitive Damages

In the final section of the complaint styled "claim for relief on all counts," plaintiff requests, among other things, "compensatory, general, and punitive damages in an amount to be proven at trial." The district defendants argue that punitive damages cannot be assessed against the School District and that they are not appropriate under Count III. The district defendants do not ask the court to strike this portion of plaintiff's prayer for relief or for any other relief. Plaintiff has taken the position that punitive damages are recoverable on Counts III, X, and XI. Counts X and XI have been dismissed with prejudice and a ruling on the request for punitive damages is premature with respect to Count III as it has not yet been repleaded.

### III. CONCLUSION

For the foregoing reasons, the district defendants' motion to dismiss is granted in part and denied in part. All official capacity claims alleged against DeSchepper and Pinker are dismissed with prejudice. The Title IX claims alleged in Count I against DeSchepper and Pinker in their individual capacities are dismissed with prejudice. The Title IX claims alleged in Count I against the School District are dismissed without prejudice. The § 1983 claims alleged in Count II against the School District, which are based on an alleged practice constituting a custom or policy, are dismissed without prejudice. The § 1983 claims alleged in Count II against the School District, which are based on the final policymaking authority of DeSchepper and Pinker, are dismissed with prejudice. The individual § 1983 claims alleged in Count II against DeSchepper and Pinker are dismissed without prejudice. The claims alleged in Counts III and IV against the district defendants are dismissed without prejudice. Counts VIII and IX are dismissed without prejudice. Counts X and XI are dismissed with prejudice. Plaintiff is granted leave to file an amended complaint consistent with this order within 30 days.