IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor through her mother and father and next friends, JULIE DOE and JOHN DOE ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No.: 2010 C 50047 |
| DURAND SCHOOL DISTRICT 322, DOUGLAS DESCHEPPER, BRETT MEIER and JENNIFER BLAND, and JEFF PINKER, ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Durand School District 322 (the "District"), Douglas DeSchepper ("DeSchepper") and Jeff Pinker ("Pinker"), by and through their attorneys John J. Moroney and Randall W. Slade, submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Amended Complaint.

**INTRODUCTION AND LEGAL STANDARD**

The facts giving rise to the Amended Complaint (attached as Exhibit A) occurred during the 2008-2009 and 2009-2010 school years. Plaintiff alleges she was a student at Durand High School and that she was subjected to unwelcome sexual harassment from teachers Brett Meier ("Meier") and Jennifer Bland ("Bland"). Am. Compl. ¶ 18. Pinker is the principal at Durand High School, and DeSchepper is the former Superintendent of Durand School District 322. Am. Compl. ¶ 7, 8. Plaintiff alleges [REDACTED].[1] Am. Compl. ¶ 21. Plaintiff alleges that Bland [REDACTED]. Am. Compl. ¶ 25.

---

[1] This Memorandum has been redacted in accordance with the Court's Order of March 25, 2010.

1

On October 18, 2010, the Court granted the District 322 Defendants' Motion to Dismiss the initial Complaint filed in this matter (attached as Exhibit B). Like Plaintiff's initial Complaint, the Amended Complaint contains numerous defects. As a result, for the reasons stated below, all claims against the District 322 Defendants should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. The complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007). This requires allegations of more than just "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqball,* 129 S. Ct. 1937, 1949-50 (2009), *quoting Twombly,* 550 U.S. at 570. "[P]laintiffs cannot raise a claim based on pure speculation, hoping later to find some basis for the claim in discovery." *Johnson v. Vill. Of Bellwood,* No. 09 C 5511, 2010 WL 2653335, at *2 (N.D. Ill. July 1, 2010). A motion to dismiss should be granted if the Plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Iqball,* 129 S. Ct. at 1949-50, *quoting Twombly,* 550 U.S. at 570.

## ARGUMENT

### I. COUNT I SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A CLAIM UNDER TITLE IX

#### a. Plaintiff Has Not Alleged the District Had Actual Knowledge of the Abuse and Failed to Take Action to End the Abuse

Count I of Plaintiff's Complaint seeks relief from the District for sex discrimination pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. The operative language of Title IX states "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any

education program or activity receiving Federal financial assistance." Title IX liability cannot be based upon vicarious liability or constructive notice. *Hansen v. Bd. of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 605 (7th Cir. 2008). Because Plaintiff's claim is based on the behavior of teachers, Plaintiff must prove that an official of the District "who at a minimum has authority to institute corrective measures … has actual notice of, and is deliberately indifferent to, the teacher's misconduct." *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 277, 293 (1998). A school district is thus subject to a private damages action only where it is deliberately indifferent to known acts of discrimination or harassment. *Hansen,* 551 F.3d at 605. In short, the District "can be liable for teacher-student sexual harassment under Title IX only if a school official who had actual knowledge of the abuse was invested by the school board with the duty to supervise the employee and the power to take action that would end such abuse and failed to do so." *Smith v. Metro. Sch. Dist. Perry Twp.,* 128 F.3d 1014, 1034 (7th Cir. 1997).

In Paragraph 21, Plaintiff outlines several acts of alleged harassment committed by Meier. Plaintiff does not allege that she or her parents informed anyone of this harassment. Rather, Plaintiff makes several conclusory and vague allegations that purportedly establish knowledge of her alleged harassment and abuse on behalf of the District. Plaintiff claims that Pinker had knowledge of her abuse "by September 2009" with three vague allegations in Paragraph 30. Nowhere in Plaintiff's Complaint does she allege that the District had knowledge prior to September 2009. The allegations contained in Paragraph 30 are vague, void of details, and insufficient to establish notice. Plaintiff does not identify, for example, which teachers allegedly notified Pinker that Meier and Plaintiff were [REDACTED] or how those teachers had notice. Nor does Plaintiff identify to whom Pinker told that "he knew what was going on." Such conclusory allegations suggest that Plaintiff cannot allege with any specificity the District's knowledge.

3

Further, Plaintiff has not sufficiently alleged that the District had knowledge of her harassment at a time when the District could have acted to end it. She alleges that Pinker had notice of her abuse "by September 2009." Am. Compl. ¶ 30. Much of Meier's alleged misconduct, including [REDACTED], predates this alleged notice to the District. The remaining allegations of harassment lack specificity. Paragraphs 21(c), (d), (f) and (g) purport to allege conduct occurring "through October 22, 2009." However, Plaintiff fails to make any specific allegations regarding conduct occurring after "September 2009"—the earliest date Plaintiff alleges the District had knowledge of her alleged harassment.

Plaintiffs' allegations against Bland fare no better. In Paragraph 25, Plaintiff alleges two purported acts of harassment by Bland that occurred in January 2009. Nowhere in the Complaint does Plaintiff ever allege that the District had knowledge of this misconduct. Plaintiff has thus failed to allege that the District had knowledge of Bland's misconduct at a time when the school could have acted to end the abuse and harassment.

### b. Plaintiff Has Not Alleged Facts Supporting Allegations That Meier and Bland Were "Serial Harassers" and That the District Had Knowledge They Were "Serial Harassers"

Plaintiff further alleges that Bland and Meier were "serial harassers." Allegations of knowledge of the *risk* of misconduct are generally not sufficient to establish Title IX liability. *Delgado v. Stegall,* 367 F.3d 668, 672 (7th Cir. 2004). The known misconduct must create risks so great that they are almost certain to materialize if nothing is done—if, for example, a teacher is a "serial harasser." *Hansen,* 551 F.3d at 605. Plaintiffs' allegations fail to state a claim that Bland and Meier were serial harassers and further fail to establish that the District had actual knowledge of Bland and Meier's alleged misconduct.

Plaintiff alleges that Bland was a serial harasser due to three alleged acts of harassment.

Am. Compl. ¶ 27(a)-(c). Notably, paragraphs 27(a) and (c) do not even allege harassment, instead alleging that there were "widespread rumors" regarding Bland's behavior and that Bland had a sexual relationship with Meier. Plaintiff does not allege that the rumors were true or that the District had knowledge of the rumors, and a consensual relationship between adults is not harassment. *See Hansen,* 551 F.3d at 606. In paragraph 27(b), Plaintiff alleges that Bland engaged in improper behavior with at least seven Durand High School Students. However, Plaintiff does not allege that the District had knowledge of this activity. Actual knowledge by the District is an essential element to any claim that Bland was a serial harasser. Plaintiff has failed to allege the District had notice of any harassment by Bland.

The same is true of Meier. Plaintiff alleges Meier was a serial harasser because of five alleged acts of harassment. Am. Compl. ¶ 23. Three subparagraphs do not even allege harassment, and instead involve Meier's relationships with other teachers. Am. Compl. ¶ 23(c)-(e). Meier's consensual sexual relationships with other adults are irrelevant to any allegation that he is a serial harasser of students. *Mary M. v. N. Lawrence Cmty. Sch. Corp.,* 131 F.3d 1220, 1228 (7th Cir. 1997). Paragraph (b) alleges "there were widespread rumors that Meier was having sexual relationships with female students…" Am. Compl. ¶ 23(b). Plaintiff does not allege that the District had knowledge of any "widespread rumors," nor does she allege that the rumors were in fact true. Unidentified and unsubstantiated rumors cannot form the basis of a "serial harasser" claim. Finally, Plaintiff alleges that Meier had an "inappropriate sexual relationship" with Amanda Dryer. Am. Compl. ¶ 23(a). This alone is insufficient to establish Meier as a "serial harasser."

Because Plaintiff has not and cannot allege that the District had knowledge of her alleged harassment, has not and cannot allege that Meier and Bland were serial harassers, and has not and cannot allege that the District had knowledge that Meier and Bland were serial harassers, Count I

5

should be dismissed for failure to state a claim.

## II. COUNT II SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT STATE A CLAIM UNDER § 1983

Count II claims Section 1983 liability against each District Defendant. Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To prevail under § 1983, Plaintiff must allege the violation of a constitutional right and show the deprivation was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). This requires that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 50, 108 S.Ct. 2250 (1988).

### a. Claims Against the District Should Be Dismissed Because Plaintiff Has Not Pled a Well Settled Practice and Custom That Caused Her Injury

Local government entities cannot be held liable for constitutional violations under a *respondeat superior* theory. *Monell v. New York City Dep't of Social Serv.,* 436 U.S. 658, 691 (1978). To establish a § 1983 action against a municipal entity, a plaintiff must allege facts establishing (1) an express policy when enforced caused a constitutional deprivation; (2) a widespread practice that is permanent and well-settled, so as to constitute a custom or usage with the force of law; or (3) a person with final policy-making authority committing the constitutional injury. *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988). The Court previously dismissed with prejudice Plaintiff's § 1983 claim against the District based upon the final policymaking authority

6

Case: 3:10-cv-50047 Document #: 57 Filed: 12/07/10 Page 7 of 15 PageID #:287

of Pinker and DeSchepper. Ex. B, pg. 5-6. As a result, Plaintiff's only claim against the District is a "practice and custom" claim.

"The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Units of local government are responsible "only for their policies rather than misconduct by their workers." *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Allegations that Pinker and DeSchepper violated express policies of the District are thus insufficient to establish a claim against the District. *Id.*

Plaintiff has alleged that the District has a "practice and custom of deliberate indifference to sexual misconduct of its teachers and students in the school…" Am. Compl. ¶ 35. An allegation that a school district had a policy or custom favoring the harassment or abuse of its students "could not be made in good faith." *Hansen,* 551 F.3d at 615. In fact, Plaintiff has alleged that the District has expressly adopted a policy that the District is "to maintain a learning and working environment that is free from sexual harassment." Am. Compl. ¶ 32. As a result, Policy 5517 represents the policy, practice and custom of the District. Further, for *Monell* liability to attach, the practice or custom must be established prior to and be the cause of the alleged illegal conduct. *Peck v. West Aurora School District 129,* No. 06 C 1153, 2006 U.S. Dist. LEXIS 67145, *15-16 (N.D. Ill. Aug. 30, 2006). There must be a "permanent and well settled" policy, and the injury must have occurred because of the policy's existence. *Id.*

Plaintiff has failed to make sufficient allegations to support a conclusion that the District had a well settled "practice or custom" of deliberate indifference to sexual misconduct that caused her injuries. Plaintiff makes several allegations that do not reflect misconduct, but rather

7

relationships between consenting adults. Am. Compl. ¶ 35(c), (d), (e) and (i). Other allegations involve "inappropriate" behavior that falls far short of constituting "sexual misconduct." Am. Compl. ¶ (a), (g), (h), and (m). Still other allegations involve actions taken after her alleged harassment began, and therefore cannot be evidence of a "permanent and well-settled policy". Am. Compl. ¶ (b), (f), (k) and (l); *Peck,* 2006 U.S. Dist. LEXIS 67145, *15-16. In short, Plaintiff has failed to plead the District had a "permanent and well settled" practice and custom of indifference to sexual misconduct that was the cause of her injury, and Count II should be dismissed as to the District.

### b. Plaintiffs' Claims Against DeSchepper and Pinker Must Be Dismissed Because Meier and Bland Did Not Act With Pinker or DeSchepper's Knowledge and Consent

Individual liability under § 1983 is predicated on fault. *Davis v. Peters*, 566 F. Supp. 2d 790, 809 (N.D. Ill. 2008). A supervisor will not be liable for a subordinate's conduct unless the subordinate either acted at the supervisor's direction or acted with the supervisor's knowledge and consent. *Id.* The supervisor must know of the conduct and facilitate it, approve it, condone it or turn a blind eye. *Hildebrandt v. Ill. Dept. of Natural Res.,* 347 F.3d 1014, 1039 (7th Cir. 2004). Supervisors who "are simply negligent in failing to detect and prevent subordinate misconduct" are not liable under § 1983. *Gossmeyer v. McDonald,* 138 F.3d 4881, 495 (7th Cir. 1997).

Plaintiff has not alleged that Pinker or DeSchepper participated in Meier or Bland's alleged misconduct. Rather, Plaintiff's allegations against Pinker and DeSchepper involve the purported failure to investigate, discipline and report with regards to Meier and Bland's misconduct. However, Plaintiff's allegations are insufficient to establish that Bland and Meier acted with Pinker and DeSchepper's knowledge and consent.

First, with regards to DeSchepper, Plaintiff has not alleged anywhere that DeSchepper had

8

knowledge of her harassment. On the face of the complaint, it is impossible to say Meier and Bland harassed Plaintiff with the "knowledge and consent" of DeSchepper. Consequently, Count II must be dismissed as to DeSchepper.

With regards to Pinker, Plaintiff's sole allegations purporting to impute knowledge of her alleged harassment by Meier is found in Paragraph 30. There are no allegations Pinker had knowledge of her harassment by Bland. These allegations are similarly insufficient to establish Pinker's knowledge and consent of Plaintiff's harassment. There is no allegation Plaintiff or anyone else with personal knowledge of Plaintiff's relationship with Meier told Pinker of Plaintiff's relationship with Meier. Rather, Plaintiff makes conclusory allegations that unidentified teachers notified Pinker that [REDACTED].

Further, even assuming *arguendo* Pinker had knowledge of Meier and Bland's alleged conduct towards Plaintiff, as more fully explained in Section I(a), Plaintiff has not alleged that any misconduct occurred after September 2009. If Pinker did not learn of the relationship until after the abuse was finished, Meier and Bland cannot be said to have acted with his knowledge and consent. For these reasons, Count II should be dismissed as to DeSchepper and Pinker.

### III. COUNT III SHOULD BE DISMISSED AS TO THE DISTRICT DEFENDANTS BECAUSE THEY DID NOT HAVE KNOWLEDGE OF PLAINTIFF'S HARASSMENT

A cause of action for the tort of intentional infliction of emotional distress ("IIED") exists when (1) the conduct involved is truly extreme and outrageous; (2) the actor either intends, or knows that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct does, in fact, cause severe emotional distress. *McGrath v. Fahey,* 126 Ill.2d 78 (1988). Liability for IIED will be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." *Cook*

9

*v. Winfrey,* 141 F.3d 322, 331 (7th Cir. 1998). Actions that are not directed towards the Plaintiff cannot be used to support a claim for IIED. *Green v. Chicago Tribune Co.,* 286 Ill.App.3d 1, 675 N.E.2d 249, 257-58 (1996). Plaintiff's IIED claims against the District Defendants must thus rely on allegations that Pinker and DeSchepper knew she was being harassed and failed to act.

As explained more fully in Section II(b), Plaintiff has made no allegation that DeSchepper had knowledge of her alleged abuse by Bland and/or Meier. It is impossible for DeSchepper to have intended severe emotional distress as to the Plaintiff arising out of an alleged failure to adequately investigate, discipline, report or otherwise act when he had no knowledge of her abuse. Ex. B, pg. 6.

The allegations are similarly insufficient as to Pinker. As explained more fully in Section I(a), Plaintiff has not alleged Pinker had actual knowledge of her harassment, instead making only vague allegations that other teachers informed him of her harassment in September 2009. In addition, there are no specific allegations that the harassment continued after September 2009.

Plaintiff has made no allegations of misconduct imputed to a District employee besides Bland, Meier, DeSchepper or Pinker. Because Plaintiff has not stated an IIED claim against DeSchepper or Pinker, Plaintiff has not stated such a claim against the District either. Ex. B, pg. 6. As a result, Count III should be dismissed as to the District Defendants.

### IV. COUNTS IV AND X SHOULD BE DISMISSED AS TO THE DISTRICT BECAUSE THERE IS NO *RESPONDEAT SUPERIOR* LIABILITY

Count IV and Count X against the District, for negligent infliction of emotional distress and negligence, respectively, are based upon the doctrine of *respondeat superior*. Am. Compl. ¶¶ 57, 89-90. In Count IV, Plaintiff seeks to hold the District liable solely for the actions of Meier. Am. Compl. ¶ 57. Under *respondeat superior,* liability arises only when an individual is acting within the scope of his employment. The term "scope of employment" excludes conduct by an employee

that is solely for the benefit of the employee. *Delony v. Bd. of Educ. of Thornton Twp.,* 281 Ill. App. 3d 775, 783 (1st Dist. 1996). For this reason, acts of sexual assault and sexual abuse are outside the scope of employment. *Id.* at 783-84. *See also Gambling v. Cornish,* 426 F. Supp. 1153 (N.D. Ill. 1997). The alleged sexual harassment of Plaintiff by Meier has no relation to the business of the District and was conducted solely for the benefit of Meier. Plaintiff's previous cause of action for negligent infliction of emotional distress was dismissed for this reason. Ex. B, pg. 7-8. Plaintiff has not alleged any further facts beyond "threadbare statements" that would establish Meier was acting within the scope of his employment.

The same logic applies to the portions of Count X's claims purportedly based upon Bland and Meier's actions. Plaintiff also alleges in Count X that DeSchepper and Pinker's "failure to make mandated reports" were done within the scopes of their employment. Am. Compl., ¶ 89. There is no private right of action for negligence for failure to report under the Illinois Abused and Neglected Child Reporting Act, 325 ILCS 5/4, ("ANCRA"), and there is no common law duty to report. *Cuyler v. United States,* 362 F.3d 949, 954 (7th Cir. 2004). Further, as explained more fully in Section V, Plaintiff has failed to allege claims of negligence against Pinker and DeSchepper. For these reasons, Counts IV and X against the District and based upon *respondeat superior* should be dismissed.

### V.  COUNT VII SHOULD BE DISMISSED AS TO THE DISTRICT 322 DEFENDANTS

Count VII of Plaintiff's Complaint is titled "Negligence" and is raised against each of the District Defendants. Under Illinois law, claims for negligence require Plaintiff to establish the existence of a duty. *Krywin v. Chi. Transit Auth.,* 391 Ill.App.3d 663, 909 N.E.2d 887, 890 (2009). A "threadbare recital of an element of a cause of action without facts making the cause of action plausible is not sufficient." Ex. B, pg. 9. Close examination indicates that Count VII is still largely

11

based upon DeSchepper and Pinker's alleged failure to make mandated reports under ANCRA. Paragraphs 55 through 59 all continue either direct or indirect references to ANCRA. However, there is no express or implied private cause of action under ANCRA. *Cuyler,* 362 F.3d at 951; *Doe v. N. Cent. Behavioral Health Sys., Inc.,* 352 Ill.App.3d 284, 286 (2004). Further, there is no common law duty to report under ANCRA. *Cuyler,* 362 F.3d at 954; *Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Directors,* 593 F.3d 507, 514 (7th Cir. 2010).

A school district, including its employees, does not have a duty to protect its student body against the general risk of a criminal attack, including sexual harassment. *Doe-II,* 593 F.3d at 515. For reasons stated in Sections I(a) and I(b), Plaintiff has not sufficiently alleged that the District defendants had knowledge that Meier and Bland posed a threat to Plaintiff that would potentially trigger a duty to protect. *Id.* Absent a special relationship, there is no duty to protect Plaintiff from the reasonably foreseeable wrongful acts or conduct of Meier and Bland. *Id. See also Iseberg v. Gross,* 227 Ill.2d 78, 879 N.E.2d 278, 289 (2007). Because Plaintiff has failed to plead a duty owed by the District Defendants, Plaintiff's claim for negligence should be dismissed as to the District Defendants.

### VI. COUNTS III, IV, VII AND X AGAINST THE DISTRICT DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE TORT IMMUNITY ACT

#### a. Plaintiff's State Law Claims Against the School District, Pinker and DeSchepper Should Be Dismissed Because They Are Barred By Tort Immunity Act § 3-108(a)

Section 3-108(a) of the Tort Immunity Act provides:

> Except as otherwise provided in this Act, neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury.

12

745 ILCS 10/3-108. The allegations giving rise to Plaintiff's Complaint, including the allegations of notice, largely occurred on the grounds of Durand High School or at school sponsored activities. Plaintiff's claims against Defendants arise out of their alleged failure to supervise Meier and Bland, liability for which is barred by § 3-108(a). *Doe v. Bd. of Ed. of Consol. School District 230,* 18 F.Supp.2d 954, 961 (N.D. Ill. 1998). Consequently, Counts III, IV, VII, and X against the District Defendants are barred by § 3-108(a) of the Tort Immunity Act and should be dismissed.

### b. Plaintiff's State Law Claims Against Pinker and DeSchepper Should Be Dismissed Because They Are Barred By Tort Immunity Act § 2-201

Section 2-201 of the Tort Immunity Act provides:

> Except as otherwise provided by statute, a public employee serving in a position involving the determination of a policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201. "Policy decisions" are those decisions which require the municipality to "balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *West v. Kirkham*, 147 Ill.2d 1 (1992). Plaintiff's claims against DeSchepper and Pinker allege a failure to investigate, discipline, and report the alleged sexual abuse of Plaintiffs. Such failures to act reflect an exercise of discretion covered by Section 2-201. For example, Defendant's duty to report sexual abuse under ANCRA is a discretionary act covered by 2-201 because determining what constitutes "suspect sexual abuse" entails the exercise of a degree of judgment and discretion. *Board of Ed. Of Consol. School District 230,* 18 F.Supp.2d at 961; *Peck*, 2006 U.S. Dist. LEXIS 67145 at *17-21.

Similarly, the handling of a complaint against a teacher constitutes an act of discretion for purposes of the Tort Immunity Act. *Moore v. Bd. of Educ. of Chicago,* 300 F.Supp.2d 641, 644-45 (N.D. Ill. 2004). Decisions regarding the investigation or discipline of Meier and Bland constitute

13

a "policy decision" entailing discretion, implicating § 2-201. *See, e.g., Albers v. Breen,* 346 Ill.App.3d 799, 808 (4th Dist. 2004) (administrator's manner of dealing with a disciplinary manner was a discretionary policy decision). Thus, Counts III and VII against Pinker and DeSchepper are barred by § 2-201 of the Tort Immunity Act and should be dismissed.

### c. Plaintiff's Common Law Claims Against Pinker and DeSchepper Are Barred By Section 2-204 of the Tort Immunity Act.

Section 2-204 of the Tort Immunity Act provides:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

745 ILCS 10/2-204. "Supervisors are immune from liability for the acts and omissions of others under the Act." *Catchings v. City of Chicago*, No. 04 C 6110, 2006 U.S. Dist. LEXIS 33625, *30 (N.D. Ill. May 15, 2006).

Plaintiff's alleged injuries were caused by the acts of Meier and Bland. Accordingly, pursuant to Section 2-204, DeSchepper and Pinker are not liable for Plaintiff's injury under the Tort Immunity Act. *See, e.g., Hawkins v. St. Clair County*, No. 07-142, 2009 U.S. Dist. LEXIS 26969 (S.D. Ill. Mar. 31, 2009) (finding § 2-204 bars negligent infliction of emotional distress claim against supervisory personnel because it was based on the supervised employee's acts). DeSchepper and Pinker were both acting within the scope of their employment at all times relevant to the Amended Complaint. Am. Compl., ¶7, 8. As a result, Counts III and VII should be dismissed as to Pinker and DeSchepper.

### VII. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES FROM THE SCHOOL DISTRICT FOR ANY COUNT OR FROM PINKER AND DESCHEPPER FOR COUNT III

Plaintiff's Claim for Relief on All Counts seeks punitive damages. Am. Compl., pg. 23. The School District is a "local public entity" immune from punitive damages under state law. 745

ILCS 10/1-206 (school district is a "local public entity"); 745 ILCS 10/2-102 (local public entity is not liable for punitive damages). This immunity extends to punitive damages sought by Plaintiff's federal causes of action under § 1983 and Title IX. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748 (1981); *Barnes v. Gorman,* 536 U.S. 181, 185, 122 S.Ct. 2097 (2002). Similarly, Plaintiff cannot recover punitive damages against DeSchepper and Pinker for Count III, as the Illinois Supreme Court has held that punitive damages would be duplicative for an IIED claim. *Knierim v. Izzo*, 22 Ill. 2d 73, 174 N.E.2d 157, 165 (1961). The District Defendants thus request the Court to strike Plaintiff's prayer for punitive damages against the District and against DeSchepper and Pinker for Count III.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendants School District, Pinker and DeSchepper respectfully ask that the court dismiss with prejudice Counts I, II, III, IV, VII and X of Plaintiff's Complaint, and to strike Plaintiff's prayer for punitive damages against the District and against DeSchepper and Pinker for Count III.

Dated:	December 7, 2010		By:	s:/ Randall W. Slade
						One of the Attorneys for DURAND
						SCHOOL DISTRICT, DOUGLAS DESCHEPPER,
						and JEFF PINKER

John J. Moroney (6205781)
Randall W. Slade (6290778)
**BOLLINGER, RUBERRY & GARVEY**
500 West Madison Street, Suite 2300
Chicago, Illinois 60661-2593
(312) 466-8000

15